**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

UNCLE NEAREST REAL ESTATE HOLDINGS, LLC

Debtor

Case No. 3:26-bk-30472-SHB

Chapter 11

**SUPPLEMENTAL MEMORANDUM OPINION
ON MOTIONS TO DISMISS**

**APPEARANCES:**   TARPY, COX, FLEISHMAN & LEVEILLE, PLLC
  Kelli Danielle Holmes, Esq.
  Thomas Lynn Tarpy, Esq.
  1111 Northshore Drive
  Landmark Tower North, Suite N-290
  Knoxville, Tennessee  37919
  Attorneys for Debtor

  THOMPSON BURTON PLLC
  Justin T. Campbell, Esq.
  1801 West End Avenue
  Suite 1550
  Nashville, Tennessee  37203
  Attorneys for Receiver, Phillip G. Young, Jr.

  STITES & HARBISON PLLC
  Erika R. Barnes, Esq.
  401 Commerce Street
  Suite 800
  Nashville, Tennessee 37219
MCGUIREWOODS LLP
  Demetra Liggins, Esq.
  Texas Tower, Suite 2400
  845 Texas Avenue
  Houston, Texas  77002
  Attorneys for Farm Credit Mid-America, PCA

PAUL A. RANDOLPH, ESQ.
ASSISTANT UNITED STATES TRUSTEE
  Tiffany A. DiIorio, Esq.
  Howard H. Baker Jr. United States Courthouse
  800 Market Street
  Suite 114
  Knoxville, Tennessee  37902
  Attorneys for United States Trustee

**SUZANNE H. BAUKNIGHT**
**UNITED STATES BANKRUPTCY JUDGE**

On March 19, 2026, the Court delivered a bench opinion granting the motions to dismiss filed by Phillip G. Young, Jr., Receiver ("Receiver"), and Farm Credit Mid-America, PCA [Docs. 8, 25], which was heard and decided on an emergency basis.[1]  During the hearing, the Court expressly reserved the right to edit the transcript as to format, style, grammar, or citations and noted that significant edits likely would be necessary because of the emergency nature of the hearing and decision.  Thus, the Court supplements the March 19 bench decision to clarify, but not alter, the decision by elaborating on the authorities relied on by the Court to find that Fawn Weaver lacked authority to file the bankruptcy petition in this case.[2]

Debtor relied on "controlling Sixth Circuit authority" to argue that the appointment of the Receiver did not divest the debtor of authority to file a bankruptcy petition. [Doc. 19 at pp. 3-5.] The only supposed "controlling authority" cited by Debtor was *In re 530 Donelson, LLC*, 660 B.R. 887 (Bankr. M.D. Tenn. 2024) (Mashburn, C.J.), which is not binding on this Court. Further, the facts underlying the court's decision in *In re 530 Donelson* make it inapposite.

In *530 Donelson*, a state court had appointed a receiver for the debtor, an LLC.  The receivership order stated: "The Receiver shall have all powers of a Court-appointed receiver that are described in Tenn. Code Ann. § 29-40-112, all of which are incorporated by reference herein."  *Id.* at 889.  The order also authorized the receiver to hire professionals and to seek reimbursement of fees and expenses. *Id.*  Judge Mashburn characterized the receivership order as

---

[1] Had the Court not adjudicated the dismissal motions on an emergency basis, it would have needed to immediately authorize the debtor-in-possession to use cash collateral and pay prepetition wages to continue to operate, thereby wresting operations from the Receiver and placing them in the hands of Fawn Weaver in direct contravention of the Receivership Order.

[2] Because a notice of appeal was filed on March 20, 2026, the Court recognizes that Federal Rule of Civil Procedure 60(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9024, precludes the Court from correcting a mistake except with leave of the appellate court.  This supplemental opinion, however, is not a correction of the Court's decision issued from the bench or the dismissal order entered on March 19, 2026.

"plain vanilla," "with nothing that would alter the structure of the LLC, formally remove members, or deal with the possibility of a bankruptcy." *Id.* at 890. Also, the movant in *530 Donelson* did not contest that the member who signed the bankruptcy petition had authority to do so under the LLC's operating agreement. *Id.* at 888.

Applying the "general rule in the Sixth Circuit . . . that the appointment of a receiver and issuance of the typical injunction against interference does not affect a company's, or by extension, its managers' authority to file bankruptcy," *id.* at 891, Judge Mashburn examined the Sixth Circuit's decision in *In re Yaryan Naval Stores Co.*, 214 F. 563 (6th Cir. 1914). As explained by Judge Mashburn:

> Two principles can be drawn from the *Yaryan* case and the authority cited in that opinion. First, if a court intends in a receivership order to deprive a company of the right to file bankruptcy, it must expressly state its intent to deviate from the general rule that a receivership will not affect bankruptcy rights. In the words of *Yaryan*, there would need to be a "specific declaration" to that effect.
>
> The second principle derived from the Sixth Circuit cases is that it is questionable whether any provision expressly prohibiting bankruptcy would be enforceable and not preempted by the Bankruptcy Code.

*In re 530 Donelson*, 660 B.R. at 892 (citation modified). Judge Mashburn then opined, "The governing caselaw seems quite clear that a state court cannot take away a company's authority to file bankruptcy and place it solely with the receiver without, at a bare minimum, expressly stating that intention." *Id.*

The Receivership Order[3] here is anything but "plain vanilla." Through it, the district court exclusively vested in the Receiver "all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities." [Doc. 8-1 at ¶

---

[3] The Order Appointing Receiver ("Receivership Order") is found in the record at document 8-1.

9.] Such exclusive vesting, by definition, effected a *di*vesting of such powers in anyone but the receiver. Indeed, the Receivership Order expressly addressed the role of Fawn Weaver going forward: "For the avoidance of any doubt, this means Fawn and Keith Weaver may continue to *market* Uncle Nearest products and *manage* the Uncle Nearest brand, subject to the Receiver's supervision." [Doc. 8-1 at ¶ 9.b (emphases added).]

Moreover, the district court ensured that bankruptcy would remain an avenue for Debtor by expressly authorizing the Receiver "to commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities." [Doc. 8-1 at ¶ 10.q.] This explicit authorization removes any concern that the Receivership Order is preempted by the Bankruptcy Code. The Receivership Order does not prohibit the filing of a bankruptcy petition; it specifically authorizes it by the person with exclusive authority to exercise that power on behalf of Debtor.

Though the receivership order in *In re 530 Donelson* was issued by a state court, the order in *In re Yaryan Naval Stores* was issued by a United States District Court. *In re Yaryan Naval Stores*, 214 F. at 563. The Sixth Circuit's decision there, however, is not applicable to this bankruptcy case. The court reviewed the language of the Bankruptcy Act and found it "so broad and comprehensive as to all-embracing and all-inclusive[,] . . . clearly manifest[ing] the intention of Congress to confer the rights and privileges of the Bankruptcy Act upon all persona and all corporations except those expressly exempted from its operation." *Id.* at 565. The court then found that the debtor "had the undeniable right to go into voluntary bankruptcy." *Id.*

The Sixth Circuit read the receivership order as "contain[ing] nothing which indicate[d] an intention to prohibit a due application being made to the appropriate bankruptcy court, or the exercise by the latter court of its special jurisdiction and powers, whenever the requisite statutory

conditions might be found to exist." *Id.*  Ultimately, the court concluded:  "To deny the right of the debtor . . . to take the benefit of the act and thereby secure a discharge from its debts is to deny the ultimate paramountcy of the act, which is designed, not merely for the benefit of creditors, but for that of the debtor as well." *Id.* at 565-66 (citation modified).  Here, the Receivership Order did not deny the receivership entities the right to file bankruptcy; instead, it exclusively vested the Receiver with the right to seek bankruptcy protection for Debtor.

The Western District of New York distinguished *In re Yaryan Naval Stores* the same way in *Citizens & Northern Bank v. Pembrook Pines Mass Media, N.A., Corp.*, No. 09-CV-6385-CJS, 2012 WL 1119755 (W.D.N.Y. Apr. 3, 2012).  A receiver was appointed by a federal court, which restrained anyone but the receiver from filing a bankruptcy petition on behalf of the receivership entity. *Id.* at *1.  The receivership entity filed a bankruptcy petition without authority of the receiver, and the creditor that had initiated the receivership proceeding sought dismissal of the bankruptcy. *Id*. at *2.  The debtor argued that because the receivership order was founded on state law, the federal court lacked authority to limit access to bankruptcy. *Id.*  The debtor relied on *In re Yaryan Naval Stores*, which the court distinguished because the federal-court order did not prevent the debtor from voluntarily filing a bankruptcy petition – "[i]nstead, it [gave] the authority to make that decision to the Receiver." *Id.* at *3.

Fifteen years after its decision in *In re Yaryan Naval Stores*, the Sixth Circuit addressed another bankruptcy petition that was filed during a state-court receivership. *See Struthers Furnace Co. v. Grant*, 30 F.2d 576 (6th Cir. 1929).  Dissatisfied with the receiver's operations, the board of directors of the receivership entity resolved to file a bankruptcy petition. *Id.* at 576. The receiver appealed the refusal to vacate the petition, contending that the language of the Bankruptcy Act "must be limited so as to exclude corporations instituting bankruptcy

proceedings for the purpose of ending state court receiverships to which they have voluntarily submitted." *Id.* at 577.  The court found that "merely endeavoring to substitute federal for state control does not constitute fraud" for the purpose of vacating a bankruptcy petition. *Id.*  The receiver did not assert that the board of directors lacked authority but that the board should have been estopped from authorizing the petition because it had requested appointment of the receiver. *Id.*  Obviously, the facts of *Struthers Furnace* make it inapposite here.

Debtor also cited to *In re Stewart*, No. 24-32471, 2025 WL 715494 (Bankr. N.D. Ohio Mar. 5, 2025), for the proposition that an order that purported to prohibit a debtor from filing bankruptcy is "unenforceable because it conflicted with federal law and the Supremacy Clause." [Doc. 19 at 5.]  The state-court order in *In re Stewart* stripped individuals who were seeking a divorce from filing for bankruptcy relief. *Id.* at *1.  Such a restriction is clearly preempted by the Constitution's express authority for Congress to enact uniform bankruptcy laws. U.S. Const. art. 1, § 8, cl. 4.  Here, the Receivership Order did not prohibit Debtor from seeking bankruptcy relief – it merely vested that right in the Receiver.

Several cases establish support this Court's dismissal of the case for cause under 11 U.S.C. § 1112(b).[4]  For example, in *In re Chicago South Loop Hotel Owner, LLC*, No. 25-12829, 2026 WL 690868, at *3-4 (Bankr. N.D. Ill. Mar. 10, 2026), the bankruptcy court in Chicago dismissed a bankruptcy case for cause under § 1112(b) because the person who signed the petition lacked authority.  Although not a receivership case, the case illustrates a threshold requirement that the person who signs a bankruptcy petition must be vested with authority to do so.

---

[4] Section 1112(b) provides:  "[O]n request of a party in interest, and after notice and a hearing, the court shall . . . dismiss a case under this chapter . . . for cause[.]"

In another recent case, the Third Circuit allowed a bankruptcy case to proceed notwithstanding opposition by the state-court receiver. *Whittaker Clark & Daniels Inc. v. Brenntag AG* (*In re Whittaker Clark & Daniels Inc.*), 152 F.4th 432 (3d Cir. 2025). There, a South Carolina court appointed a receiver, which vested the receiver "with the power and authority to fully administer all assets of Whittaker, accept service on behalf of it, engage counsel on behalf of it, and take any and all sets necessary to protect the interests of Whittaker whatever they may be." *Id.* at 440 (citation modified). The bankruptcy petition was filed in New Jersey after the entity's "board passed a resolution beforehand authorizing the filing without gaining the approval of the South Carolina Receiver or consulting him." *Id.* The bankruptcy court denied the receiver's motion to dismiss because the receivership order "did not remove the authority of Whittaker's board to file a bankruptcy petition because its terms did not demonstrate the South Carolina Receiver displaced the board." *Id.* The Third Circuit looked "to governing state law to determine the propriety of a corporation's bankruptcy petition." *Id.* at 444 (citation omitted). Because New Jersey law governed and because the receiver failed to initiate ancillary proceedings in New Jersey to displace the entity's board's control over the company's rights, "Whittaker's board retained authority over those corporate decisions reserved to it by New Jersey law, including the decision whether to reorganize by filing for bankruptcy." *Id.* at 445.

Unlike here, the receivership order in *In re Whittaker Clark & Daniels* did not displace the entity's board but only gave authority to the receiver to control assets and take steps necessary to protect the entity's interests. *Id.* Here, however, the exclusive vesting of power in the Receiver removed the power of Debtor's officers and directors. Under *Price v. Gurney*, 324 U.S. 100, 107 (1945), this Court must look to state law to determine who has authority to file a bankruptcy petition. Such authority may be exercised by the individuals who have management

control of a corporation. Under Tennessee Code Annotated section 48-238-101, the powers of a limited liability company are exercised "by or under the authority of, and the business and affairs of the LLC shall be managed by or under the direction of" its members, if member-managed, or its board of governors, if board-managed. Under the Receivership Order, the directors, members, and managers of Debtor were stripped of their powers to control Debtor when the Receiver was exclusively vested with those powers. The Third Circuit expressly recognized the difference when it noted that "the Receivership Order did not purport to divest that body of the authority to seek bankruptcy protection." *In re Whittaker Clark & Daniels*, 152 F.4th at 448.

More similar to the facts here, in *El Torero Licores v. Raile* (*In re Licores*), No. SACV 13-00875-VAP, 2013 WL 6834609, at *1 (C.D. Cal. Dec. 20, 2013), a state-court receivership order exclusively vested the receiver with the "sole power to file a bankruptcy petition" for any entity encompassed within the receivership estate.[5] After the case was dismissed for cause because it was filed without authority by partners of the debtor, the partners appealed, arguing that the "state court lack[ed] authority to enter an order preventing corporate directors or partners from commencing a bankruptcy proceeding." *Id.* at *5. The *Licores* court affirmed the dismissal, stating,

> The Receivership Order, however, does not divest Debtor from . . . its power to seek bankruptcy protection; rather, the order identifies *who* has the power to file the bankruptcy petition on behalf of Debtor. As the Supreme Court stated in *Price*, "nowhere is there any indication that Congress bestowed on the bankruptcy court jurisdiction to determine that those who in fact do not have the authority to speak for the corporation as a matter of local law are entitled to be given such authority and therefore should be empowered to file a petition on behalf of the corporation." *Price*, 324 U.S. at 107. Thus, the Receivership Order does not run contrary to

---

[5] Although the receivership order in *In re Licores* expressly addressed bankruptcy rights, both authorizing only the receiver and directly prohibiting others from filing a bankruptcy petition for the receivership entity, the Receivership Order here effectively did the same. Again, exclusive vesting of the powers of officers and directors in the Receiver constituted divesting of such powers in any other person. Ms. Weaver's retention of her ability to market and manage the brand, under supervision of the Receiver, did not leave her with any authority to sign a bankruptcy petition for Debtor.

Congress's right to engage uniform laws of bankruptcy or to change the application of bankruptcy laws to debtors.

*Id.* at *6.  As here, "the Receivership Order does not preclude Debtor from availing itself of bankruptcy protection but only restricts who may file the petition on its behalf.  If Receiver determines that it is in the best interest of Debtor to file bankruptcy, Receiver has the power to do so." *Id.*

The Second Circuit addressed a related question of whether a Chapter 11 trustee was necessary in a bankruptcy case that was initiated by a federal-court receiver. *Adams v. Marwil* (*In re Bayou Grp., LLC*), 564 F.3d 541 (2d Cir. 2009).  There, the receivership order directed the receiver "to be 'the sole and exclusive managing member and representative of each of the receivership entities, possessing without limitation, the authority to petition for protection under the Bankruptcy Code.'" *Id.* at 544 (citation modified).  Like the Receivership Order here [Doc. 8-1 at ¶ 5], that receivership order cited authority to appoint the receiver under "28 U.S.C. §§ 754 and 959, Federal Rule of Civil Procedure 66, and the court's inherent authority." *Id.* (citation modified).  The Second Circuit agreed with the bankruptcy court that the receiver was not merely a custodian:  "[I]t is crystal clear that the purpose of [the receivership] order was to appoint somebody who was in fact and law the equivalent of a new board of directors, a new CEO, a new president, new CFO as a debtor-in-possession." *Id.* at 545.

In *Sino Clean Energy, Inc. v. Seiden* (*In re Sino Clean Energy, Inc.*), 901 F.3d 1139 (9th Cir. 2018), the former directors of a receivership entity lacked authority to file a bankruptcy petition because the receivership order removed them as directors.  The state court appointed a receiver and granted him the power to reconstitute the entity's board of directors. *Id.* at 1141.  Notwithstanding that the receiver replaced the board of directors with a single director, the former chairman and CEO "reconstituted" the former board of directors, who authorized the

filing of a bankruptcy petition for the receivership entity. *Id.* The court stated: "No matter the equitable considerations, state law dictates which persons may file a bankruptcy petition on behalf of a debtor corporation. . . . [The receivership entity] was and is fully able to file for bankruptcy through valid filings made by its eligible board of directors." *Id.* at 1142. Here, the Receiver has the sole authority to act for the officers and directors and is also authorized to file a bankruptcy petition. Thus, Ms. Weaver lacked authority to file the petition.

One bankruptcy court in the Sixth Circuit addressed authority to sign a petition in *In re Lexington Hospitality Group, LLC*, 577 B.R. 676 (Bankr. E.D. Ky. 2017). An amended operating agreement for the LLC was executed as part of a financing arrangement. *Id.* at 679. The amended operating agreement included a restriction on the right of the LLC to file bankruptcy, requiring a vote by the lender and all members of the LLC. *Id.* at 681. A bankruptcy petition was filed for the LLC, signed by the LLC's manager as authorized by a corporate resolution signed by the manager. *Id.* at 682. The lender moved to dismiss the bankruptcy because it was filed in violation of the amended operating agreement. *Id.* The court held that the bankruptcy restrictions in the amended operating agreement were unenforceable and void as against federal public policy. *Id.* at 683-86. The court found that the manager retained authority to act under the amended operating agreement even though he was required to transfer control of the LLC in the event of a default with the lender, which had occurred before the petition was filed. *Id.* at 688. Further, although the lender had initiated a proceeding to seek a receiver in state court, that process was interrupted by the filing of the bankruptcy petition, and the manager was not automatically divested of his status as the manager by the default. *Id.* Nothing in *In re Lexington Hospitalality Group* applies to support Debtor's argument that Ms. Weaver was authorized to sign the petition here.

In *Jordan v. Independent Energy Corporation*, 446 F. Supp. 516, 518-19 (N.D. Tex. 1978), the court considered a related issue: "under what conditions a federal district court may prevent the filing of a voluntary or involuntary petition in bankruptcy by the issuance of a federal blanket receivership injunction." There, the receivership order prohibited any action that would interfere with the receiver's possession of the property owned by the receivership entity, and the court found that the "filing of a creditor's petition for bankruptcy interferes with the receiver's possession of . . . property by restraining the receiver from further action in the receivership proceeding." *Id.* at 524. After reviewing several cases and the federal All Writs Act, the court concluded that "[i]n the absence of specific Congressional guidance to the contrary, a federal district court may theoretically restrain voluntary or involuntary access to the bankruptcy court by issuing a blanket receivership injunction." *Id.* at 529. Nonetheless, the court lifted the preliminary injunction that restricted access to the bankruptcy court, finding that both the debtor and creditors would be irreparably harmed by the denial of voluntary access to bankruptcy. *Id*. at 529-30.

For the reasons discussed in the Court's bench opinion, as supplemented by this opinion, the Court concluded that Ms. Weaver lacked authority to file the bankruptcy petition in this case. The petition having been filed without authority of the Receiver, who was vested exclusively with the powers of officers and directors of the receivership entities, including Debtor, the Court was required to dismiss it for cause under § 1112(b).

FILED:  March 23, 2026

BY THE COURT

*s/ Suzanne H. Bauknight*

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE