| | |
|---|---|
| UNCLE NEAREST REAL ESTATE HOLDINGS, INC., <br><br> Appellant, <br><br> v. <br><br> PHILLIP G. YOUNG, JR., in his capacity as Receiver, et al. <br><br> Appellees. | ) ) ) ) ) ) ) ) ) ) ) ) <br> **Case No. 3:26-cv-00137-CEA-DCP** <br><br> **On Appeal from Case No. 3:26-bk-30472-SHB** |

### APPELLEE RECEIVER PHILLIP G. YOUNG, JR.'S RESPONSE TO APPELLANT'S EMERGENCY MOTION TO PRESERVE THE STATUS QUO PENDING APPEAL

Comes now, Appellee Phillip G. Young, Jr., Receiver (the "Receiver") and hereby files his response (the "Response") to the Appellant's *Emergency Motion to Preserve the Status Quo Pending Appeal* (the "Emergency Motion")[1]. The Emergency Motion directly relates to the Receiver's proposed sale of certain Real Property located in Martha's Vineyard, Massachusetts in the separate Receivership Case[2] before this Court. The Receiver respectfully requests that this Court deny the Emergency Motion as it states no real or actual emergency, it is not filed in the correct or appropriate case, and Appellant files to cite the appropriate standing to seek a stay. In support thereof, the Receiver represents as follows.

### BACKGROUND

---

[1] D.E. # 24
[2] Case No. 4:28-cv-00038

1. On August 22, 2025, the Receiver was appointed by the U.S. District Court, Eastern District of TN to serve as Receiver over the entities in question. The Receiver continues to serve in that capacity.[3]

2. On March 17, 2026, Fawn Weaver attempted to file Chapter 11 bankruptcy cases for three of the Receivership Entities[4] with the U.S. Bankruptcy Court for the Eastern District of Tennessee (Knoxville). The Receiver immediately sought to dismiss those bankruptcy filings as the Receivership Order explicitly grants him exclusive authority to execute a bankruptcy petition. Creditor/Appellee Farm Credit Mid-America filed an additional Motion to Dismiss asserting similar arguments to that of the Receiver.

3. On March 19, 2026, the Bankruptcy Court granted both motions to dismiss, holding that Ms. Weaver lacked the authority to file the bankruptcy cases in light of the Order Appointing Receiver entered by this Court in the related Receivership Case.[5]

4. The purported Debtor[6] immediately filed a notice of appeal of the Bankruptcy Court's decision on March 20, 2026.

5. Part of the Receivership Entities includes real property located at 10 Codman Springs Road, Edgartown, Massachusetts (the "Real Property"). On February 25, 2026, the Receiver filed his *Expedited Motion to Sell Real and Personal Property in Martha's Vineyard* (the "Martha's Vineyard Motion")[7]. The Martha's Vineyard Motion seeks to sell the Real Property to a non-insider third party for approximately $2,595,000.00.

---

[3] This Court recently issued an order overruling a Motion to Terminate the Receivership and reaffirming the need for a Receiver in the related matter. *Id.* at Doc. No. 198.
[4] Defined in the Receivership Order as "Subject Entities", *Id.*, Doc No. 39.
[5] 3:26-bk-30471-SHB  D.E. # 37
[6] This Court has previously ruled that no one but the Receiver can speak on behalf of Uncle Nearest, Inc.; therefore, it is a procedural nullity that Fawn Weaver seeks to pursue this appeal on behalf of the Appellant.
[7] 4:25-cv-00038, Doc. No. 147.

6.       On February 26, 2026, the Court issued an Order[8] setting out the briefing schedule for the Martha's Vineyard Motion.

7.       On March 5, 2026, Grant Sidney, Inc., Fawn Weaver, and Keith Weaver (the "Weaver Parties") filed their *Response in Opposition to the Receiver's Expedited Motion to Sell Real and Personal Property in Martha's Vineyard* (the "Weaver Response").[9] The Weaver Response objects to the sale of the Real Property because the previously filed Motion to Reconsider had not yet been ruled upon and because they allege the Receiver ignores the Uncle Nearest enterprise value in selling the Real Property.

8.       Following the Weaver Response, the Court ordered the Receiver to seek 3 appraisals of the Real Property[10] and following those appraisals[11], publish notice of the proposed sale in the Vineyard Gazette[12]. The Court further set a hearing on the Martha's Vineyard Motion for June 11, 2026.

9.       The Weaver Parties objected to the Receiver's proposed appraisers and have further participated in the litigation of this issue.

10.       The Weaver Parties (as Appellants here) now seek to obtain a stay of the hearing on the Martha's Vineyard Motion through an emergency request in this appeal of the bankruptcy court dismissal. This very circuitous attempt to seek a stay is improper in this matter, does not set forth the appropriate standard, and ignores the Weaver Parties continued participating in the Receivership Case and the Martha's Vineyard Motion. The Weaver Parties again seek to alert this Court to an emergency that they have been participating in for months.[13]

---

[8] 4:25-cv-00038, Doc. No. 150.
[9] 4:25-cv-00038, Doc. No. 163.
[10] *See* Case No. 4:25-cv-00038, Doc Nos. 177, 188,
[11] *See* Id. Doc. No. 196. All three property appraisals valued the Real Property at $2,600,000.00.
[12] Id. Doc. No. 197
[13] *See Emergency Motion to Expedite Appeal Pursuant to F.R.B.P. 8013(B), and in the Alternative, for Certification of Direct Appeal to the Sixth Circuit Pursuant to 28 U.S.C. § 158(d)(2)*, Doc No. 15.

11. The Emergency Motion seeks to "preserve the status quo pending appeal." For the purposes of this Response, the Receiver will address this as if the Appellants were seeking a stay pending appeal, which the Receiver asserts is the appropriate method of review.

12. In order to stay proceedings pending an appeal, the Appellant must seek a stay pending appeal through the original court, in this case the Bankruptcy Court.[14] As of the filing of this Response, Appellant has failed to seek a stay through the Bankruptcy Court.

13. Only following the denial of such Motion to Stay Pending Appeal by the Bankruptcy Court may the Appellant then seek such relief before this Court.[15]

14. While there is no current Motion to Stay Pending Appeal before the bankruptcy court, the Receiver asserts that even under a hypothetical scenario, Appellants couldn't prove that a stay should be allowed.

15. In order to obtain a stay, the Sixth Circuit has stated that the Appellant must show that a stay is necessary through a four-factor balancing test. Those four factors are, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[16]

16. Even under a hypothetical scenario, Applicant can't meet its burden under this balancing test. This Court has already acknowledged that Appellant's success "is not a foregone

---

[14] *See* Fed. R. Bankr. P. 8007(a)(1).
[15] *See* Fed. R. Bankr. P. 8007(b)(2)(A)-(B).
[16] *League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*, 814 Fed. Appx. 125, 127 (6th Cir. 2020)

conclusion,"[17] thus indicating that it would be quite difficult to make a strong showing of success on the merits. Furthermore, this Court has also ruled that the Receivership should continue (over the objection of Appellant parties) and has stated that "the receivership is not causing irreparable harm to Uncle Nearest.[18]" While Appellant does not have to satisfy every factor of the balancing test, the Appellant here would not be able satisfy a single factor.

## THE APPELLANT'S STATED "EMERGENCY" IGNORES THEIR PARTICIPATION IN THE MULTIPLE ONGOING RELATED CASES

17.     The Emergency Motion ignores the Appellant's participation and role in all of these matters over the last nine (9) months. In every motion filed with this Court, the Appellants claim that the matter before the court is a dire emergency. This Emergency Motion is just more of the same.

18.     Specific to the Real Property, the Weaver Parties filed an objection to the Motion to Sell and an objection to the Receiver's list of appraisers. The June 11 hearing is their opportunity to argue their objection. There is no emergency that should stop this hearing from going forward.

19.     This Court has repeatedly acknowledged that the receivership is not causing irreparable harm to Uncle Nearest.

20.     Given the fact that the Weaver Parties have not sought, or received, a stay pending this appeal by the Bankruptcy Court, that the emergency claimed is the same emergency that the Weaver Parties have asserted since December of last year, and that the Weaver Parties have filed objections to the sale of the Real Property and participating in those proceedings, their Emergency Motion seeking to preserve the status quo is meritless and should be denied.

---

[17] *See* Order, Doc. No. 28, pg. 4 "First, Appellant's argument that the Bankruptcy Court violated controlling precedent by dismissing its chapter 11 petition presupposes that Appellant's interpretation of the law is correct. But the interplay between federal equity receiverships and bankruptcy proceedings is more nuanced than Appellant acknowledges, and Appellant's success on appeal is not a foregone conclusion."
[18] *Id.* at pg. 5.

WHEREFORE, the Receiver respectfully request that this Court deny the Emergency Motion to Preserve the Status Quo Pending Appeal and further allow the June 11 hearing on the sale of the Real Property to proceed as scheduled.

Dated this 2nd day of June, 2026.

Respectfully submitted,

/s/ Justin T. Campbell
Justin T. Campbell, Tn. Bar No. 31056
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Voice: (615) 465-6015
Fax:    (615) 807-3048
Justin@thompsonburton.com

*Counsel for Receiver*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's ECF system and served via United States Mail and electronic mail on the following parties:

Curtis D. Johnson, Jr.
Florence M. Johnson
Johnson and Johnson PC
1407 Union Ave., Suite 1002
Memphis, TN 38104
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

/s/ Justin T. Campbell
Justin T. Campbell