**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| UNCLE NEAREST REAL ESTATE HOLDINGS, LLC, | ) | |
| | ) | Case No. 3:26-cv-137 |
| *Appellant*, | ) | |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge Poplin |
| | ) | |
| PHILLIP YOUNG, *et al.*, | ) | |
| | ) | |
| *Appellees*. | ) | |

**MEMORANDUM OPINION AND ORDER**[1]

Before the Court are Fawn Weaver's[2] "Motion[s] to Strike or, in the Alternative, set Aside the Bankruptcy Court's Supplemental Memorandum Opinion Dkt. Ent. 72" [3:26-cv-135, Doc. 23; 3:26-cv-136, Doc. 22; 3:26-cv-137, Doc. 20], Phillip G. Young, Jr.'s (the "Receiver") "Motion[s] to Dismiss Appeal" [3:26-cv-135, Doc. 29; 3:26-cv-136, Doc. 27; 3:26-cv-137, Doc. 25], Fawn Weaver's "Motion[s] to Extend Time to File Appellant's Brief Nunc Pro Tunc to June 1, 2026" [3:26-cv-135, Doc. 31; 3:26-cv-136, Doc. 29; 3:26-cv-137, Doc. 27], and the merits of

---

[1] This Memorandum Opinion and Order shall be entered in each of the three bankruptcy appeals arising from the Bankruptcy Court's March 19, 2026, dismissal of the Chapter 11 petitions filed by Fawn Weaver on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC.

[2] Fawn Weaver is the former CEO of Uncle Nearest, Inc. and the individual who signed the Chapter 11 petitions on behalf of Uncle Nearest, Inc. Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC—the dismissal of which led to these appeals. Fawn Weaver's authority to take any action on behalf of these companies is a core issue on appeal. Accordingly, and to avoid any potential confusion, the Court will refer to Fawn Weaver when referring to the Appellants.

these appeals.[3]

For the reasons that follow, Fawn Weaver's "Motion[s] to Extend Time to File Appellant's Brief Nunc Pro Tunc to June 1, 2026" [3:26-cv-135, Doc. 31; 3:26-cv-136, Doc. 29; 3:26-cv-137, Doc. 27] will be **GRANTED**; the Receiver's "Motion[s] to Dismiss Appeal" [3:26-cv-135, Doc. 29; 3:26-cv-136, Doc. 27; 3:26-cv-137, Doc. 25] will be **DENIED AS MOOT**; Fawn Weaver's "Motion[s] to Strike or, in the Alternative, set Aside the Bankruptcy Court's Supplemental Memorandum Opinion Dkt. Ent. 72" [3:26-cv-135, Doc. 23; 3:26-cv-136, Doc. 22; 3:26-cv-137, Doc. 20] will be **DENIED**; and the Bankruptcy Court will be **AFFIRMED**.

## I. BACKGROUND

Last year, Farm Credit Mid-America, PCA—an agricultural lending cooperative—filed suit in this Court against Uncle Nearest, Inc., Nearest Green Distillery, Inc., Uncle Nearest Real Estate Holdings, LLC, Fawn Weaver (Uncle Nearest, Inc.'s largest shareholder and its then CEO), and Keith Weaver (Fawn Weaver's husband), generally alleging they had defaulted on a more than $100 million credit agreement. *Farm Credit Mid-America, PCA v. Uncle Nearest, Inc.*, 4:25-cv-38, Doc. 1 (E.D. Tenn) (the "*Farm Credit* Case").[4] Alongside its complaint, Farm Credit filed a motion asking the Court to appoint a receiver over Uncle Nearest, Inc., Nearest Green Distillery, Inc., Uncle Nearest Real Estate Holdings, LLC, and certain other related companies and property during the course of the *Farm Credit* Case. 4:25-cv-38, Doc. 3. The Court granted this motion on August 14, 2025, and appointed Phillip G. Young, Jr. of Thompson Burton, PLLC to the role of

---

[3] The Court finds it unnecessary to hold oral argument before resolving these appeals because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." FED. R. BANKR. P. 8019(b)(3).

[4] *See Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (stating that "a court may take judicial notice of other court proceedings").

receiver eight days later on August 22, 2025.[5] 4:25-cv-38, Docs. 32, 39. Since then, the Receiver has exercised complete control over every company and asset that makes up the receivership estate.

This, however, did not stop Fawn Weaver from filing Chapter 11 bankruptcy petitions on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC. [3:26-cv-135, Doc. 20-1; 3:26-cv-136, Doc. 19-1; 3:26-cv-137, Doc. 16-1]. Both the Receiver and Farm Credit promptly moved to dismiss these petitions, arguing (among other things) that Fawn Weaver lacked authority to file them.[6] [3:26-cv-135, Docs. 20-2, 20-3; 3:26-cv-136, Docs. 19-2, 19-3; 3:26-cv-137, Docs. 16-2, 16-3]. The Bankruptcy Court held a hearing on these motions on March 19, 2026.[7] [3:26-cv-135, Doc. 22-1; 3:26-cv-136, Doc. 21-1; 3:26-cv-137, Doc. 18-1].

At this hearing, the Bankruptcy Court dismissed each of the three Chapter 11 petitions from the bench, holding that Fawn Weaver lacked authority to file them as the Receiver was exclusively vested with the power to place Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle

---

[5] The Court did not appoint a receiver at the time it granted Farm Credit's motion so it could receive supplemental materials from the parties regarding who should serve as receiver. 4:25-cv-38, Doc. 32 at 10–11. Young was the defendants' proposed candidate. 4:25-cv-38, Doc. 37.

[6] The Receiver requested in the alternative that he be recognized as the authorized representative of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC. [3:26-cv-135, Doc. 20-2; 3:26-cv-136, Doc. 19-2; 3:26-cv-137, Doc. 16-2]. Farm Credit made a somewhat similar request, arguing in the alternative that the Receiver should be appointed as Chapter 11 trustee for Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC. [3:26-cv-135, Doc. 20-3; 3:26-cv-136, Doc. 19-3; 3:26-cv-137, Doc. 16-3]. As neither of these alternative requests have any bearing on the instant appeals, they are not discussed further.

[7] The Receiver's and Farm Credit's motions to dismiss were not the only motions the Bankruptcy Court heard at the March 19, 2026, hearing. [*See* 3:26-cv-135, Doc. 22-1 at 3–4 (describing the motions before the Bankruptcy Court); 3:26-cv-136, Doc. 21-1 at 3–4 (same); 3:26-cv-137, Doc. 18-1 at 3–4]. But as the resolution of these other motions have no bearing on these appeals, they are not discussed further.

Nearest Real Estate Holdings, LLC in bankruptcy.[8] [*See* 3:26-cv-135, Doc. 22-1 at 31–47; 3:26-cv-136, Doc. 21-1 at 31–47; 3:26-cv-137, Doc. 18-1 at 31–47]. The Bankruptcy Court entered a short Order memorializing this decision the same day, March 19. [3:26-cv-135, Doc. 20-4; 3:26-cv-136, Doc. 19-4; 3:26-cv-137, Doc. 16-4].

Fawn Weaver—still purporting to act on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC—appealed the Bankruptcy Court's decision the next day. [3:26-cv-135, Doc. 1; 3:26-cv-136, Doc. 1; 3:26-cv-137, Doc. 1]. Three days later on March 23, the Bankruptcy Court entered a "Supplemental Memorandum Opinion on Motions to Dismiss" for the stated purpose of "clarify[ing], but not alter[ing]," its March 19, 2026, decision. [3:26-cv-135, Doc. 20-6; 3:26-cv-136, Doc. 19-6; 3:26-cv-137, Doc. 16-6]. In the days that followed, Fawn Weaver amended her notices of appeal to address this opinion. [3:26-cv-135, Doc. 20-7; 3:26-cv-136, Doc. 19-7; 3:26-cv-137, Doc. 16-7].

Roughly a month after these appeals were docketed, Fawn Weaver filed an "Emergency Motion to Expedite Appeal Pursuant to F.R.B.P. 8013(B), and in the Alternative, for Certification of Direct Appeal to the Sixth Circuit Pursuant to 28 U.S.C. §158(d)(2)" in each case. [3:26-cv-135, Doc. 19; 3:26-cv-136, Doc. 16; 3:26-cv-137, Doc. 15]. Through these motions, Fawn Weaver requested the Court either order expedited briefing and promptly resolve the appeals or certify each of the appeals for direct appeal to the Sixth Circuit. [3:26-cv-135, Doc. 19; 3:26-cv-136, Doc. 16; 3:26-cv-137, Doc. 15]. The Court ultimately denied these motions. [3:26-cv-135, Doc. 32; 3:26-cv-136, Doc. 30; 3:26-cv-137, Doc. 28]. But while they were pending, Fawn Weaver did not

[8] The Bankruptcy Court also noted that even if Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC were not under the care of the Receiver, Fawn Weaver would still have lacked authority to file the Chapter 11 petitions on their behalf because she could not file a bankruptcy petition "on her own under Tennessee law." [3:26-cv-135, Doc. 22-1 at 36; 3:26-cv-136, Doc. 21-1 at 36; 3:26-cv-137, Doc. 18-1 at 36].

file her appellant's brief in any of the three appeals, and the time for doing so under Federal Rule of Bankruptcy Procedure 8018(a) expired.

The Receiver subsequently filed a "Motion to Dismiss Appeal" in each of the three cases, arguing the Court should dismiss the appeals based on Fawn Weaver's failure to timely file her appellant's briefs. [3:26-cv-135, Doc. 29; 3:26-cv-136, Doc. 27; 3:26-cv-137, Doc. 25]. Within hours of these motions being filed, Fawn Weaver filed both an appellant's brief and a "Motion to Extend Time to File Appellant's Brief Nunc Pro Tunc to June 1, 2026" in each of the three cases. [3:26-cv-135, Docs. 30, 31; 3:26-cv-136, Docs. 28, 29; 3:26-cv-137, Docs. 26, 27].

The Receiver's and Fawn Weaver's motions are now ripe for review, as are separate motions filed in each case where Fawn Weaver asks the Court to either strike or set aside the Bankruptcy Court's "Supplemental Memorandum Opinion on Motions to Dismiss." [*See* 3:26-cv-135, Doc. 23; 3:26-cv-136, Doc. 22; 3:26-cv-137, Doc. 20]. The merits of bankruptcy appeals are also ripe for adjudication. The Court will address the various outstanding motions first. From there, it will then turn to explaining why the Bankruptcy Court's dismissal of the Chapter 11 petitions must be affirmed.

## II. MOTIONS

As the Court just noted, it will address the outstanding motions before turning to the merits of the bankruptcy appeals. The Court will first address Fawn Weaver's "Motion[s] to Extend Time to File Appellant's Brief Nunc Pro Tunc to June 1, 2026[,]" explaining why it is appropriate to grant Fawn Weaver an extension in these cases. Then, the Court will briefly discuss how the granting of Fawn Weaver's motions for extension necessitates the denial of the Receiver's "Motion[s] to Dismiss Appeal." And finally, the Court will explain why it was permissible for the Bankruptcy Court to enter its "Supplemental Memorandum Opinion on Motions to Dismiss" and

how Fawn Weaver's "Motion[s] to Strike, or in the Alternative, Set Aside the Bankruptcy Court's Supplemental Memorandum Opinion Dkt. Ent. 72" must therefore be denied.

### A. Fawn Weaver's "Motion[s] to Extend Time to File Appellant's Brief Nunc Pro Tunc to June 1, 2026" [3:26-cv-135, Doc. 31; 3:26-cv-136, Doc. 29; 3:26-cv-137, Doc. 27]

Federal Rule of Bankruptcy Procedure 8018(a) provides that "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically." FED. R. BANKR. P. 8018(a). In these cases, the record from the Bankruptcy Court was transmitted to this Court on April 29, 2026. [3:26-cv-135, Doc. 20; 3:26-cv-136, Doc. 19; 3:26-cv-137, Doc. 16]. Accordingly, Fawn Weaver had until Friday, May 29, 2026, to file her appellant's brief in each of the three bankruptcy appeals. *See* FED. R. BANKR. P. 8018(a). She did not do this. Instead, she filed her appellant's briefs on Monday, June 1, 2026, along with motions asking the Court to extend her briefing deadline to June 1, 2026, nunc pro tunc. [3:26-cv-135, Docs. 30, 31; 3:26-cv-136, Docs. 28, 29; 3:26-cv-137, Docs. 26, 27].

Federal Rule of Bankruptcy Procedure 9006 allows the Court to extend the time in which a party must perform an act (like filing its appellate brief) if, "on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect." FED. R. BANKR. P. 9006(b)(1)(B). Whether a party's neglect is excusable is an equitable inquiry, one that "tak[es] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Courts performing this inquiry typically consider: (1) "the danger of prejudice" to other parties; (2) "the length of the delay and its potential impact on judicial proceedings[;]" (3) "the reason for the delay[;]" (4) whether the delay "was within the reasonable control of the movant[;]" and (5) "whether the movant acted in good faith." *Id.* (citing *In re Pioneer Inv. Servs. Co.*, 943 F.2d 673, 677 (6th Cir. 1991)). Applying

these factors here, the Court finds they cumulatively weigh in favor of granting Fawn Weaver her requested extensions.

Starting with the length of the delay and its potential impact on these proceedings, Fawn Weaver filed her appellant's briefs and the instant motions seeking extensions one business day after her briefs were due under Rule 8018(a). Thus, the delay resulting from her untimely filings has been minimal, and the resulting impact on these proceedings has been negligible at best. Because of this, the Court finds this factor weighs in favor of granting the requested extensions.

Turning to the danger of prejudice to the other parties in these cases, granting Fawn Weaver her requested extensions would necessitate the denial of the Receiver's "Motion[s] to Dismiss Appeal." But this would just place the parties in the same exact position they would have been in had Fawn Weaver filed her appellant's briefs one business day earlier. Accordingly, while granting the requested extensions risks some prejudice, any prejudice that may result would be minimal. Accordingly, the Court finds this factor also weighs in favor of granting the requested extensions.

Looking next to the reason for the delay, Fawn Weaver attributes her failure to timely file her appellant's briefs to the fact that she had pending motions seeking expedited briefing schedules or, in the alternative, certification of direct appeals to the Sixth Circuit at the time her appellant's briefs were due. [*See* 3:26-cv-135, Doc. 31; 3:26-cv-136, Doc. 29; 3:26-cv-137, Doc. 27]. Generally, filing a motion that seeks to "alter[] the case management schedule does not toll the time for compliance with court-ordered deadlines." *Ascion, LLC v. Tempur Sealy Int'l, Inc.*, No. 5:17-CV-00403-JMH-EBA, 2022 U.S. Dist. LEXIS 143636, at *14 (E.D. Ky. July 13, 2022). Thus, Fawn Weaver should still have filed her appellant's briefs before the time to do so expired, or at the very least sought clarification from the Court regarding whether she was still required to file her briefs by the Rule 8018(a) deadline. But she did not, and the Court finds this factor

therefore weighs against granting the requested extensions.

For similar reasons, whether the delay was in Fawn Weaver's reasonable control similarly weighs against granting the requested extensions. Simply put, she knew the deadlines and elected not to follow them. Therefore, this factor weighs against granting the requested extensions.

Looking finally to whether Fawn Weaver acted in good faith, the Court finds that she has. Fawn Weaver's prompt filing of her appellant's briefs and accompanying motions after the Receiver filed his motions to dismiss, combined with her consistent efforts to prosecute these appeals, demonstrates that her late filings were the product of a lack of prudence, not bad faith. Accordingly, this factor weighs in favor of granting the requested extensions.

Weighing the foregoing factors together, the Court finds that while Fawn Weaver was neglectful in not timely filing her appellant's briefs, that neglect was excusable. Accordingly, Fawn Weaver's "Motion[s] to Extend Time to File Appellant's Brief Nunc Pro Tunc to June 1, 2026" [3:26-cv-135, Doc. 31; 3:26-cv-136, Doc. 29; 3:26-cv-137, Doc. 27] are **GRANTED**, and her briefs [3:26-cv-135, Docs. 30; 3:26-cv-136, Docs. 28; 3:26-cv-137, Docs. 26] are considered timely filed.

**B. The Receiver's "Motion[s] to Dismiss Appeal" [3:26-cv-135, Doc. 29; 3:26-cv-136, Doc. 27; 3:26-cv-137, Doc. 25]**

In light of the Court granting Fawn Weaver's "Motion[s] to Extend Time to File Appellant's Brief Nunc Pro Tunc to June 1, 2026," the Receiver's "Motion[s] to Dismiss Appeal"—which are premised on Fawn Weaver failing to timely file her appellant's briefs—are now moot. Accordingly, the Receiver's "Motion[s] to Dismiss Appeal" [3:26-cv-135, Doc. 29; 3:26-cv-136, Doc. 27; 3:26-cv-137, Doc. 25] are **DENIED AS MOOT**.

### C. Fawn Weaver's "Motion[s] to Strike, or in the Alternative, Set Aside the Bankruptcy Court's Supplemental Memorandum Opinion Dkt. Ent. 72" [3:26-cv-135, Doc. 23; 3:26-cv-136, Doc. 22; 3:26-cv-137, Doc. 20][9]

Fawn Weaver argues the Court should strike or otherwise disregard the Bankruptcy Court's "Supplemental Memorandum Opinion on Motions to Dismiss" when resolving these appeals. [*See* 3:26-cv-135, Docs. 23, 27, 30; 3:26-cv-136, Docs. 22, 28; 3:26-cv-137, Docs. 20, 26].[10] But the "Supplemental Memorandum Opinion on Motions to Dismiss" is merely a memorialization of the portions of the Bankruptcy Court's March 19, 2026, bench ruling relevant to these appeals. Such a memorialization is permissible, meaning the "Motion[s] to Strike, or in the Alternative, Set Aside the Bankruptcy Court's Supplemental Memorandum Opinion Dkt. Ent. 72" [3:26-cv-135, Doc. 23; 3:26-cv-136, Doc. 22; 3:26-cv-137, Doc. 20] must be **DENIED**.

"The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the [appellate court] and divests the [lower] court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "Thus, a [lower] court cannot supplement its decision or otherwise alter the case while an appeal is pending." *Taylor v. Stevens*, 146 F.4th 480, 483 (6th Cir. 2025) (internal quotation marks omitted). That said, lower courts still "retain[] limited jurisdiction to take actions 'in aid of the

---

[9] Fawn Weaver argues the Bankruptcy Court's "Supplemental Memorandum Opinion on Motions to Dismiss" should be stricken or otherwise disregarded in both her "Motion[s] to Strike, or in the Alternative, Set Aside the Bankruptcy Court's Supplemental Memorandum Opinion Dkt. Ent. 72" and her appellant's briefs. [*See* 3:26-cv-135, Docs. 23, 27, 30; 3:26-cv-136, Docs. 22, 28; 3:26-cv-137, Docs. 20, 26]. The Court addresses these arguments collectively here and does not discuss them again *infra* Part III for efficiency's sake.

[10] For reasons unknown to the Court, Fawn Weaver filed a reply regarding her "Motion to Strike, or in the Alternative, Set Aside the Bankruptcy Court's Supplemental Memorandum Opinion Dkt. Ent. 72" in 3:26-cv-135 but in neither of the other bankruptcy appeals. Notwithstanding this, the Court has considered the arguments raised in Fawn Weaver's reply, [3:26-cv-135, Doc. 27], as they relate to each of her three "Motion[s] to Strike, or in the Alternative, Set Aside the Bankruptcy Court's Supplemental Memorandum Opinion Dkt. Ent. 72" since these motions the briefs opposing them are all materially identical.

appeal.'" *United States v. Sims*, 708 F.3d 832, 834 (6th Cir. 2013) (quoting *Inland Bulk Transfer Co. v. Cummins Engine Co*., 332 F.3d 1007, 1013 (6th Cir. 2003)). This is a narrow class of actions, but one which "includes [the] issuance of an opinion that memorializes an oral ruling made days before." *Id.* Such memorializations "aid[] the appeal by giving this Court a written order to review." *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991). And they do not impermissibly alter the scope of an appeal because a memorialization is "nothing but a wordier version of what the [lower] court said at the [relevant] hearing," meaning neither party "loses anything by [the appellate court] either considering it or disregarding it." *United States v. Burton*, 543 F.3d 950, 953 (7th Cir. 2008).

The Bankruptcy Court's "Supplemental Memorandum Opinion on Motions to Dismiss" is an example of a permissible memorialization. As previously noted, the Bankruptcy Court held a hearing on the Receiver's and Farm Credit's motions to dismiss the Chapter 11 petitions on March 19, 2026. [*See* 3:26-cv-135, Doc. 22-1; 3:26-cv-136, Doc. 21-1; 3:26-cv-137, Doc. 18-1]. After listening to the parties' arguments on these motions—and discussing why it had subject matter jurisdiction irrespective of Fawn Weaver's authority to file the petitions—the Bankruptcy Court granted the Receiver's and Farm Credit's motions in part, holding that Fawn Weaver lacked authority to file the Chapter 11 petitions and dismissing them as unauthorized. [*See generally* 3:26-cv-135, Doc. 22-1; 3:26-cv-136, Doc. 21-1; 3:26-cv-137, Doc. 18-1]. As part of its bench ruling, the Bankruptcy Court engaged in an extensive discussion of the "Order Appointing Receiver" and relevant caselaw.[11] It explained how the "Order Appointing Receiver" exclusively vested the

[11] In particular, the Bankruptcy Court discussed the following cases: *Price v. Gurney*, 324 U.S. 100 (1945); *El Torero Licores v. Raile* (*In re El Torero Licores*), No. SACV 13-00875-VAP, 2013 U.S. Dist. LEXIS 179953 (C.D. Cal. Dec. 20, 2013); *Citizens & N. Bank v. Pembrook Pines Mass Media, N.A., Corp.*, No. 09-CV-6385-CJS, 2012 U.S. Dist. LEXIS 47174 (W.D.N.Y. Apr. 3, 2012); *In re Yaryan Naval Stores Co.*, 214 F. 563 (6th Cir. 1914); *Sino Clean Energy, Inc. v. Seiden*

Receiver with the power to place Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC, in bankruptcy and how both binding and persuasive authority supported this conclusion. [*See* 3:26-cv-135, Doc. 22-1 at 31–47; 3:26-cv-136, Doc. 21-1 at 31–47; 3:26-cv-137, Doc. 18-1 at 31–47].

The same day the Bankruptcy Court delivered this bench ruling, it entered a brief Order in each of the Chapter 11 cases memorializing their dismissal. [3:26-cv-135, Doc. 20-4; 3:26-cv-136, Doc. 19-4; 3:26-cv-137, Doc. 16-4]. In these Orders, the Bankruptcy Court expressly incorporated its bench ruling by reference, stating that it was dismissing the Chapter 11 petitions "[b]ecause [Fawn] Weaver had no authority to file the Voluntary Petition[s] on March 17, 2026, and for the reasons and in consideration of the authority stated in detail by the Court at the March 19 hearing[.]" [3:26-cv-135, Doc. 20-4 at 4; 3:26-cv-136, Doc. 19-4 at 4; 3:26-cv-137, Doc. 16-4 at 4]. Fawn Weaver filed her notices of appeal the next day. [3:26-cv-135, Doc. 20-5; 3:26-cv-136, Doc. 19-5; 3:26-cv-137, Doc. 16-5].

Three days after the notices of appeal were filed, the Bankruptcy Court entered its "Supplemental Memorandum Opinion on Motions to Dismiss" in each of the three cases. [3:26-cv-135, Doc. 20-6; 3:26-cv-136, Doc. 19-6; 3:26-cv-137, Doc. 16-6]. In this "Supplemental Memorandum Opinion on Motions to Dismiss," the Bankruptcy Court goes through the same analysis it did during its bench ruling, relying on the "Order Appointing Receiver" and all but one

(*In re Sino Clean Energy, Inc.*), 901 F.3d 1139 (9th Cir. 2018); *In re Chi. S. Loop Hotel Owner, LLC*, 677 B.R. 368 (Bankr. N.D. Ill. 2026); *Adams v. Marwil* (*In re Bayou Grp., LLC*), 564 F.3d 541 (2d Cir. 2009); *In re 530 Donelson, LLC*, 660 B.R. 887 (Bankr. M.D. Tenn. 2024); *Struthers Furnace Co. v. Grant*, 30 F.2d 576 (6th Cir. 1929); *Jordan v. Indep. Energy Corp.*, 446 F. Supp. 516 (N.D. Tex. 1978); *In re Roxwell Performance Drilling, LLC*, No. 13-50301-RLJ-11, 2013 Bankr. LEXIS 5345 (Bankr. N.D. Tex. Dec. 20, 2013); *In re Stewart*, No. 24-32471, 2025 LX 371314 (Bankr. N.D. Ohio Mar. 5, 2025); *Protopapas v. Brenntag AG* (*In re Whittaker Clark & Daniels Inc.*), 152 F.4th 432 (3d Cir. 2025); *In re Lexington Hosp. Grp., LLC*, 577 B.R. 676 (Bankr. E.D. Ky. 2017).

of the same cases to reach the same result: Fawn Weaver lacked authority to file the Chapter 11 petitions on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC because the power to place these companies in bankruptcy was vested exclusively in the Receiver.[12] [*See* 3:26-cv-135, Doc. 20-6; 3:26-cv-136, Doc. 19-6; 3:26-cv-137, Doc. 16-6].

Comparing the "Supplemental Memorandum Opinion on Motions to Dismiss" to the Bankruptcy Court's March 19, 2026, bench ruling, it is apparent the former is nothing more than a helpful memorialization of the latter. And because the Bankruptcy Court retained jurisdiction to enter such a memorialization in aid of these appeals, the "Supplemental Memorandum Opinion on Motions to Dismiss" was properly entered and—as a designated portion of the appellate record—may be considered by this Court. *See Sims*, 708 F.3d at 834. Accordingly, Fawn Weaver's "Motion[s] to Strike, or in the Alternative, Set Aside the Bankruptcy Court's Supplemental Memorandum Opinion Dkt. Ent. 72" [3:26-cv-135, Doc. 23; 3:26-cv-136, Doc. 22; 3:26-cv-137, Doc. 20] are **DENIED**.[13]

---

[12] The Bankruptcy Court cited to *In re Roxwell Performance Drilling, LLC*, No. 13-50301-RLJ-11, 2013 Bankr. LEXIS 5345 (Bankr. N.D. Tex. Dec. 20, 2013), in its bench ruling as one example of a case addressing whether a receiver can possess authority to file a Chapter 11 petition. [3:26-cv-135, Doc. 22-1 at 45; 3:26-cv-136, Doc. 21-1 at 45; 3:26-cv-137, Doc. 18-1 at 45]. The Bankruptcy Court did not similarly discuss *Roxwell* in the "Supplemental Memorandum Opinion on Motions to Dismiss," though it did still conclude that a receiver can be vested (and even exclusively vested) with the power to place a company in receivership by relying on other authority, all of which was cited in both the bench ruling and the "Supplemental Memorandum Opinion on Motions to Dismiss." [*See generally* 3:26-cv-135, Doc. 20-6; 3:26-cv-136, Doc. 19-6; 3:26-cv-137, Doc. 16-6]. Considering this, the Court does not find the Bankruptcy Court's omission of *Roxwell* in the "Supplemental Memorandum Opinion on Motions to Dismiss" to be a material alteration of the Bankruptcy Court's ruling or analysis.

[13] Although the Court may consider the "Supplemental Memorandum Opinion on Motions to Dismiss" when resolving Fawn Weaver's appeals, whether it elects to do so is largely immaterial. Because the "Supplemental Memorandum Opinion on Motions to Dismiss" is "nothing but a wordier version of what the [Bankruptcy Court] said at the [March 19] hearing," no party "loses anything by [the Court] either considering it or disregarding it." *United States v. Burton*, 543 F.3d

## III. APPEAL OF THE BANKRUPTCY COURT'S DECISION DISMISSING THE CHAPTER 11 PETITIONS

This appeal presents two primary questions: May a federal district court vest a duly appointed receiver with exclusive authority to a place the companies under his care in bankruptcy, and if so, did the "Order Appointing Receiver" in the *Farm Credit* Case exclusively vest the Receiver with such authority. The answer to both questions is yes, so the Bankruptcy Court must be affirmed.[14]

This Court reviews the dismissal of a bankruptcy case for abuse of discretion. *Riverview Trenton R.R. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940, 944 (6th Cir. 2007). "A bankruptcy court abuses its discretion when 'it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'" *Id.* (quoting *In re Eastown Auto Co.*, 215 B.R. 960, 963 (B.A.P. 6th Cir. 1998)). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). And as for legal conclusions (i.e., whether the Bankruptcy Court improperly applied the law or used an erroneous legal standard), those are reviewed de novo.

---

950, 953 (7th Cir. 2008). Indeed, the Bankruptcy Court must be affirmed irrespective of whether the Court considers the "Supplemental Memorandum Opinion on Motions to Dismiss" because, as is discussed below, the Bankruptcy Court correctly concluded that Fawn Weaver lacked authority to file the Chapter 11 petitions.

[14] The Receiver argues Fawn Weaver waived, or at the very least forfeited, the issue of whether she lacked authority to file the Chapter 11 petitions based on (i) statements made by her counsel at the March 19, 2026, hearing and (ii) her focus in her appellant's briefs on whether a receivership order can prohibit a company from seeking bankruptcy relief instead of whether a receivership order can dictate *who* may place a company in bankruptcy. [3:26-cv-135, Doc. 38 at 16–17; 3:26-cv-136, Doc. 36 at 16–17; 3:26-cv-137, Doc. 34 at 16–17]. The Court disagrees. While Fawn Weaver's arguments before the Bankruptcy Court and in her appellant's briefs are not models of clarity, she has sufficiently argued that the "Order Appointing Receiver" does not prevent her from filing the Chapter 11 petitions such that the Court does not find she has waived or forfeited the issue. Accordingly, the Court will address her appeals on their merits.

*In re DSC, Ltd.*, 486 F.3d at 944. This includes the Bankruptcy Court's interpretation of the "Order Appointing Receiver." *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008) ("The interpretation of a [different] court's order is a question of law and, consequently, subject to de novo review.").

The Bankruptcy Court dismissed the Chapter 11 petitions Fawn Weaver filed on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC on the grounds that the "Order Appointing Receiver" vests the authority to place these companies in bankruptcy exclusively in the Receiver. [*See* 3:26-cv-135, Docs. 20-4, 22-1; 3:26-cv-136, Docs. 19-4, 21-1; 3:26-cv-137, Docs. 16-4, 18-1]. Fawn Weaver argues the Bankruptcy Court erred in reaching this conclusion because "[f]or more than a century, the Sixth Circuit has held that the existence of a receivership does not deprive a debtor of the right to seek bankruptcy relief." [3:26-cv-135, Doc. 30 at 19; 3:26-cv-136, Doc. 28 at 19; 3:26-cv-137, Doc. 26 at 19]. This argument misses the mark.

The issue before the Court is not whether the "Order Appointing Receiver" prevents Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC from invoking their right to seek bankruptcy relief. The Bankruptcy Court did not find—and neither the Receiver nor Farm Credit have argued—that these companies cannot file for bankruptcy by virtue of the receivership. Rather, the question is who has the authority to invoke the companies' rights to file for bankruptcy. Thus, while Fawn Weaver is correct that a receivership order generally cannot close the doors of the bankruptcy courts to a debtor,[15] this is immaterial. What matters is whether a receivership order can alter who may walk a debtor through those doors.

[15] *See, e.g.*, *In re Yaryan Naval Stores Co.*, 214 F. 563, 564–65 (6th Cir. 1914); *Struthers Furnace Co. v. Grant*, 30 F.2d 576, 577 (6th Cir. 1929); *In re Mt. Forest Fur Farms, Inc.*, 103 F.2d 69, 71 (6th Cir. 1939); *Muffler v. Petticrew Real Estate Co.*, 132 F.2d 479, 481 (6th Cir. 1942)

The authority to initiate bankruptcy proceedings on behalf of a company is vested in those with the "power of management." *Price v. Gurney*, 324 U.S. 100, 104 (1945). To determine who possesses the power of management, federal courts look to the laws of the state where the company is organized. *See id.*; *In re De Camp Glass Casket Co.*, 272 F. 558, 561 (6th Cir. 1921) (holding that the authority to file a voluntary bankruptcy petition on behalf of a corporation is determined by the laws of the state where the corporation is incorporated, subject to the corporation's governing documents). And if state law says that a person (or persons) has the power of management, then they—and only they—may file a voluntary petition on behalf of the company. *See Price*, 324 U.S. at 106.

This typically means that the power to place a company in bankruptcy rests with a company's board of directors or, in the case of LLCs, its members. But a receivership can change this. If a receivership order expressly divests a company's duly authorized management of its authority to file for bankruptcy and gives that authority to a receiver, then only the receiver may file a voluntary bankruptcy petition on behalf of the company.[16] *See* Sino *Clean Energy, Inc. v. Seiden* (*In re Sino Clean Energy, Inc.*), 901 F.3d 1139, 1141–42 (9th Cir. 2018) (affirming the dismissal of a Chapter 11 petition where the "board of directors" that filed the petition lacked authority to do so after being ousted from their positions by a state court receivership); *Citizens & N. Bank v. Pembrook Pines Mass Media, N.A., Corp.*, No. 09-CV-6385-CJS, 2012 U.S. Dist.

[16] In contrast, if a receivership order merely purports to prevent a company's management from filing a voluntary petition through a "typical" anti-interference injunction and does not vest the power to file a bankruptcy petition solely in the receiver, then management is not typically prohibited from filing a voluntary petition. *See, e.g.*, *In re Yaryan Naval Stores Co.*, 214 F. at 563–65; *In re 530 Donelson, LLC*, 660 B.R. 887, 891 (Bankr. M.D. Tenn. 2024) ("The general rule in the Sixth Circuit is that the appointment of a receiver and issuance of the typical injunction against interference does not affect a company's, or by extension, its managers' authority to file bankruptcy." (citing *Struthers Furnace Co.*, 30 F.2d at 577; *Muffler*, 132 F.2d at 481)).

LEXIS 47174, at *3–4, *10 (W.D.N.Y. Apr. 3, 2012) (finding that a receivership order "restrain[ing] anyone but [the receiver] from filing a bankruptcy petition on behalf of [the company]…does not prevent [the company] from voluntarily filing a petition in Bankruptcy Court. Instead, it gives the authority to make that decision to the Receiver."); *El Torero Licores v. Raile* (*In re El Torero Licores*), No. SACV 13-00875-VAP, 2013 U.S. Dist. LEXIS 179953, at *16–17 (C.D. Cal. Dec. 20, 2013) (affirming the dismissal of a bankruptcy petition where the debtor was in receivership, the receivership order vested the receiver "with the sole authority to file a bankruptcy petition on behalf of the debtor," and the individuals who attempted to file the petition were expressly divested of such authority). This "does not run contrary to Congress's right to enact uniform laws of bankruptcy or change the application of bankruptcy laws to debtors." *In re El Torero Licores*, 2013 U.S. Dist. LEXIS 179953, at *18. Instead, it merely changes who has the authority to act on the company's behalf.

Applying the foregoing principles to these appeals, the question becomes whether the Bankruptcy Court correctly concluded that the "Order Appointing Receiver" exclusively vests the Receiver with the authority to initiate voluntary bankruptcy proceedings on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC. It did, as explained in further detail below.

Uncle Nearest, Inc. and Nearest Green Distillery, Inc. are both Delaware corporations, and Uncle Nearest Real Estate Holdings, LLC is a Tennessee member-managed limited liability company.[17] Thus, who would traditionally possess the power of management over these companies

[17] This information is available through Tennessee Secretary of State's online "business entity search" (https://tncab.tnsos.gov/business-entity-search). The Court "may take judicial notice of public records of corporate filings maintained online by state Secretaries of State to determine a company's place of incorporation." *Robo-Team NA, Inc. v. Robotics*, 313 F. Supp. 3d 19, 23 n.1 (D.D.C. 2018).

is determined by Delaware and Tennessee law respectively. *See Price*, 324 U.S. at 104; *In re De Camp Glass Casket Co.*, 272 F. at 561. Under Delaware law, "[t]he business and affairs of every corporation" are "managed by or under the direction of a board of directors, except as may otherwise be provided in [Delaware law] or in [the corporation's] certificate of incorporation." Del. Code Ann. tit. 8, § 141(a). And under Tennessee law, "[e]ach member" of a member-managed LLC "has equal rights in the management and conduct of the LLC's business[.]" Tenn. Code Ann. § 48-249-401(a)(1). Accordingly, absent the receivership, Uncle Nearest, Inc.'s and Nearest Green Distillery, Inc.'s boards of directors and Uncle Nearest Real Estate Holdings, LLC's members would have the authority to file voluntary bankruptcy petitions on behalf of their respective companies. But the "Order Appointing Receiver" changed this.

The "Order Appointing Receiver," among other things, "exclusively vest[s]" the Receiver with:

> (a) all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities and (b) each of Uncle Nearest's and the Subject Entities' rights and powers to act on behalf of any other entity (including as an officer, director, manager, or equity holder), including, without limitation, each Subject Entity, to direct such other entity to take (or refrain from taking) any action in furtherance of the terms under this Order, in each case, until further Order of the Court.

[3:26-cv-135, Doc. 38-1 at ¶ 9; 3:26-cv-136, Doc. 36-1 at ¶ 9; 3:26-cv-137, Doc. 34-1 at ¶ 9].[18] Beyond this extensive vesting of authority, the "Order Appointing Receiver" also lists multiple examples of actions the Receiver is empowered to take including, as relevant here, the power to

[18] The "Order Appointing Receiver" uses the term "Uncle Nearest" to refer to Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC collectively. [3:26-cv-135, Doc. 38-1 at ¶ 1 n.2; 3:26-cv-136, Doc. 36-1 at ¶ 1 n.2; 3:26-cv-137, Doc. 34-1 at ¶ 1 n.2]. The Order further uses the term "Subject Entities" to refer to several related companies that form part of the receivership estate. [3:26-cv-135, Doc. 38-1 at ¶ 2; 3:26-cv-136, Doc. 36-1 at ¶ 2; 3:26-cv-137, Doc. 34-1 at ¶ 2].

place Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC in bankruptcy. [*See* 3:26-cv-135, Doc. 38-1 at ¶ 10(q) ("The Receiver is authorized to commence a proceeding under title 11of the United States Code on behalf of Uncle Nearest and the Subject Entities[.]"); 3:26-cv-136, Doc. 36-1 at ¶ 10(q) (same); 3:26-cv-137, Doc. 34-1 at ¶ 10(q) (same)]. And the "Order Appointing Receiver" also contains typical injunctions barring individuals and entities from interfering with the receivership estate. [3:26-cv-135, Doc. 38-1 at ¶¶ 11–12; 3:26-cv-136, Doc. 36-1 at ¶¶ 11–12; 3:26-cv-137, Doc. 34-1 at ¶¶ 11–12].

Reading the foregoing provisions together, there is only one reasonable conclusion: the "Order Appointing Receiver" shifted the power to initiate voluntary bankruptcy proceedings on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC from the companies' management solely to the Receiver. Fawn Weaver resists this conclusion, but her arguments against it are unconvincing.

Fawn Weaver argues the "Order Appointing Receiver" never expressly states that only the Receiver may initiate voluntary bankruptcy proceedings on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC or that the management of these companies is divested of the power to do so. [*See* 3:26-cv-135, Doc. 30 at 21–25; 3:26-cv-136, Doc. 28 at 21–25; 3:26-cv-137, Doc. 26 at 21–25]. And she contends the Bankruptcy Court erred in inferring that the "Order Appointing Receiver" effectuated such a shift of authority because the authority to initiate bankruptcy proceedings can only be displaced "if at all, by clear and express language grounded in law." [*See* 3:26-cv-135, Doc. 30 at 21–25; 3:26-cv-136, Doc. 28 at 21–25; 3:26-cv-137, Doc. 26 at 21–25]. Fawn Weaver is correct that management generally cannot be deprived of its authority to initiate bankruptcy proceedings by implication. *See In re 530 Donelson, LLC*, 660 B.R. 887, 892 (Bankr. M.D. Tenn. 2024). But contrary to her position, the

Bankruptcy Court did not resort to impermissible inferences to find that the "Order Appointing Receiver" divested the management of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC of their authority to initiate bankruptcy proceedings. Rather, this divestment (and the accompanying vestment of authority in the Receiver) is apparent from the Order's plain terms.

As the Court has already noted, the "Order Appointing Receiver" expressly and exclusively vests the Receiver with "all the powers of officers, directors, members, and/or managers (as applicable)" of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC. [3:26-cv-135, Doc. 38-1 at ¶ 9; 3:26-cv-136, Doc. 36-1 at ¶ 9; 3:26-cv-137, Doc. 34-1 at ¶ 9]. It also expressly clarifies that this transferred authority includes the power "to commence a proceeding under title 11of the United States Code on behalf of" Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC. [3:26-cv-135, Doc. 38-1 at ¶ 10(q); 3:26-cv-136, Doc. 36-1 at ¶ 10(q); 3:26-cv-137, Doc. 34-1 at ¶ 10(q)]. And it further prohibits anyone—including those divested of the power of management—from interfering with the Receiver's administration of the receivership estate. [3:26-cv-135, Doc. 38-1 at ¶¶ 11–12; 3:26-cv-136, Doc. 36-1 at ¶¶ 11–12; 3:26-cv-137, Doc. 34-1 at ¶¶ 11–12]. These provisions leave no doubt that only the Receiver possesses the authority to initiate voluntary bankruptcy proceedings on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC.

Perhaps recognizing this and the problems it creates for her position, Fawn Weaver attempts to cast doubt on the "Order Appointing Receiver's" readily apparent divestment of authority by arguing that the record in the *Farm Credit* Case shows that the management of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC still

retain authority to initiate bankruptcy proceedings. [3:26-cv-135, Doc. 30 at 23–24; 3:26-cv-136, Doc. 28 at 23–24; 3:26-cv-137, Doc. 26 at 23–24]. This argument is meritless.

Fawn Weaver first cites to footnote 2 of the Order found at Doc. 89 in the *Farm Credit* Case as evidence that "[w]hen the issue of the Board's authority was presented to the district court in the receivership proceeding, the court expressly declined to decide it[.]" [3:26-cv-135, Doc. 30 at 23; 3:26-cv-136, Doc. 28 at 23; 3:26-cv-137, Doc. 26 at 23]. Fawn Weaver is correct that in this Order, the Court declined to resolve whether "the majority directors of Defendant Uncle Nearest, Inc." could participate separately in the *Farm Credit* Case from Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC. 4:25-cv-38, Doc. 89 at 5. But the Court also reiterated in this Order that only the Receiver could represent these companies' interests. *Id.* at 3–5. At no point was there ever a question as to who had power to act on the companies' behalf. Rather, the Court merely declined to address whether—in the context of the *Farm Credit* Case specifically— "the majority directors of Defendant Uncle Nearest, Inc." retained any ability to participate separately from the companies in litigation. Thus, contrary to Fawn Weaver's argument, the Order found at Doc. 89 in the *Farm Credit* Case does not suggest that the management of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC somehow retain the authority to initiate bankruptcy proceedings notwithstanding the "Order Appointing Receiver."

Fawn Weaver next cites to footnote 2 of the Order found at Doc. 90 in the *Farm Credit* Case as evidence that the Court "confined the Receiver's role to representation in that litigation and expressly declined to decide whether the Board retained independent authority." [3:26-cv-135, Doc. 30 at 23; 3:26-cv-136, Doc. 28 at 23; 3:26-cv-137, Doc. 26 at 23]. Reading footnote 2 in context, however, it is clear the Court did no such thing. Rather, footnote 2 merely served to

reiterate that the Receiver, rather than anyone else, represents Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC in the *Farm Credit* Case. 4:25-cv-38, Doc. 90 at 2 n.2. It did not—nor was it intended to—limit the Receiver's extensive authority over Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC. *See id.* Thus, just like the Order found at Doc. 89, the Order found at Doc. 90 in the *Farm Credit* Case does not suggest that the management of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC somehow retain the authority to initiate bankruptcy proceedings notwithstanding the "Order Appointing Receiver."

Finally, Fawn Weaver cites a question asked by counsel for Farm Credit at the February 9, 2026, hearing in the *Farm Credit* Case as evidence that the parties did not believe management's authority to initiate bankruptcy proceedings had been eliminated. [3:26-cv-135, Doc. 30 at 24; 3:26-cv-136, Doc. 28 at 24; 3:26-cv-137, Doc. 26 at 24]. It, however, is immaterial whether Farm Credit's counsel thought the management of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC retained authority to initiate bankruptcy proceedings notwithstanding the receivership. What matters is whether such authority actually existed following entry of the "Order Appointing Receiver." And as the Court has already discussed, it most certainly did not.

* * *

Considering the foregoing, the Court finds that a receivership order can divest a company's management of the authority to initiate voluntary bankruptcy proceedings and that a receivership order can further vest this power exclusively in a receiver. The Court also finds that the "Order Appointing Receiver" effectuated such a transfer of authority as relates to Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC. Accordingly, Fawn

Weaver lacked authority to file the Chapter 11 petitions at issue in these appeals, and the Bankruptcy Court properly dismissed those petitions.[19] *See Price*, 324 U.S. 106 (1945) ("If the District Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition."). The Bankruptcy Court is therefore **AFFIRMED**.

## IV. CONCLUSION

For the foregoing reasons, Fawn Weaver's "Motion[s] to Extend Time to File Appellant's Brief Nunc Pro Tunc to June 1, 2026" [3:26-cv-135, Doc. 23; 3:26-cv-136, Doc. 22; 3:26-cv-137, Doc. 20] are **GRANTED**; the Receiver's "Motion[s] to Dismiss Appeal" [3:26-cv-135, Doc. 29; 3:26-cv-136, Doc. 27; 3:26-cv-137, Doc. 25] are **DENIED**; Fawn Weaver's "Motion[s] to Strike or, in the Alternative, set Aside the Bankruptcy Court's Supplemental Memorandum Opinion Dkt. Ent. 72" [3:26-cv-135, Doc. 31; 3:26-cv-136, Doc. 29; 3:26-cv-137, Doc. 27] are **DENIED**; and the Bankruptcy Court is **AFFIRMED**. A separate judgment shall enter. There being no more matters to resolve, the Clerk is respectfully **DIRECTED** to close the file.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

[19] The Court further notes that Fawn Weaver's lack of authority to initiate bankruptcy proceedings on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC necessarily means that she also lacks authority to bring these appeals on their behalf.